ABRAM DE RONDE & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. December 15, 1903.)

No. 3,331.

CUSTOMS DUTIES—CLASSIFICATION—BLEACHERS' BLUE—COAL TAR PREPARATION.

So-called bleachers' blue, which is not used as a color or dye, but solely as a bleaching mixture, *held* not to be within the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule A, par. 15, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1626] for coal tar colors or dyes, but within the further provision in the same paragraph for coal tar products or preparations that are not colors or dyes.

On Application for Review of a Decision of the Board of United States General Appraisers.

This case relates to merchandise imported at the port of New York consisting of so-called bleachers' blue. It was classified under the

provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule A, par. 15, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1626] for coal tar colors or dyes, and was claimed by the importers to be dutiable under the further provision in the same paragraph for coal tar products or preparations that are not colors or dyes. Following is an extract from the opinion of the Board of General Appraisers:

FISCHER, General Appraiser. The testimony offered by the importers is to the effect that the article is not used as a color or dye, but that it is solely used as a mixture with starch to bleach fabrics subjected to sizing. The importers are unable to state any facts other than these, and file with the Board an affidavit of the manufacturer thereof, sworn to before the United States consul at Manchester, England, wherein he states that the article is not made from coal tar, and is only a bleaching material, and not a dye. The manufacturer does not show the material or substance from which this blue is made, and only states that it is not from coal tar. At the request of the counsel for the importers, the sample in this case was submitted to the government chemist in charge of the laboratory at the port of New York for analysis, and said chemist reports as follows: "Sample is chiefly a coal tar dye, not made from alizarin or anthracin." The chemist returns to this Board a skein of worsted which he subjected to an immersion in this blue, and said worsted shows a completely dyed article of bluish color.

From the evidence and facts before us, we find that the merchandise in question is a coal tar dye, and accordingly overrule the protests, and affirm the decisions of the collector.

Howard T. Walden, for importers.
Charles D. Baker, Asst. U. S. Atty.

PLATT, District Judge. The decision of the Board of General Appraisers is reversed.